UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANESSA JORDAN-ROWELL,

                 Plaintiff,

-against-

MERRILL EDGE,

                 Defendant.

19-CV-7683 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this *pro se* action, for which the filing fee has been paid, alleging that Defendant failed to close her cash management account. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

**BACKGROUND**

Plaintiff is the holder of a Merrill Edge cash management account ("CMA"). Merrill Edge is a self-directed investing platform offered by Merrill Lynch, Pierce, Fenner, and Smith, Inc. ("Merrill Lynch"), a Bank of America company. Plaintiff alleges that she requested that Defendant close her account after she discovered that "someone tried to steal from it." (ECF No. 1, at 5.) Plaintiff asserts that she filed disputes related to several transactions, but Defendant "post[ed] them back to [her] account" and is trying to make her pay for the transactions. (*Id.*) Plaintiff wants to close her account, but Defendant "let this person get inside the bank and put [her] account in overdraft" after she disputed the transactions. (*Id.*)

Plaintiff attaches to her complaint bank account records she received from Defendant, which indicate that Plaintiff challenged transactions for $1,032.00 and $2,929.00, and that Defendant denied her claims, having determined its "records show the transaction activity in question was authorized and posted correctly" to Plaintiff's account. (*Id.* at 8.)

Plaintiff asserts that she experienced "no injuries" as a result of Defendant's actions. (*Id.* at 6). She seeks $75,000.00 in damages "for not closing [her] account at [her] request as [she] is the account holder." (*Id.*)

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

2

*CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff has failed to allege any facts showing why her claims arise under federal law, and thus the Court's federal question jurisdiction.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). The sum claimed by the plaintiff will control if it

is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). It is the Court's duty, however, to dismiss an action where it is "convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the [minimum statutory jurisdictional amount.]" *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (quoting *Deutsch v. Hewes St. Realty Corp.*, 359 F.2d 96, 98 (2d Cir. 1966)) (alteration in original, internal quotation marks omitted).

Plaintiff alleges that she is a citizen of New York State. Plaintiff provides a New York State address for Merrill Edge but, as a program of Merrill Lynch, it is likely a citizen of Delaware for diversity purposes. *See Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc.*, No. 1:02-CV-7689, 2003 WL 21254420, at *2 n.2 (S.D.N.Y. May 30, 2003). Thus the parties appear to be diverse. But it is unclear whether Plaintiff has satisfied the jurisdictional amount for diversity jurisdiction. Plaintiff seeks $75,000.00 arising from a dispute in which Defendant allegedly refused to close her account after it denied her challenge to $3,961.00 in transactions. That appears on its face to limit her damages to $3,961.00 – well below the $75,000.00 she claims. The Court therefore grants Plaintiff leave to amend her complaint to allege sufficient facts to show that the Court has diversity jurisdiction to consider her claims. Plaintiff must show that she and the defendant are citizens of different states and that the amount in controversy exceeds the sum or value of $75,000.00, the jurisdictional amount for the Court's diversity jurisdiction.[1]

---

[1] The Court notes that Plaintiff has filed a number of *pro se* cases in this Court, many of which have been dismissed for lack of subject matter jurisdiction. *See Jordan-Rowell v. Wells Fargo*, No. 1:19-CV-0370 (amended complaint filed Apr. 29, 2019); *Jordan-Rowell v. Comm'r of Soc. Sec.*, No. 7:15-CV-8326, 21 (S.D.N.Y. Dec. 20, 2016) (dismissing the complaint for lack of subject matter jurisdiction); *Jordan-Rowell v. Comm'r of Soc. Sec.*, No. 7:14-CV-3181, 16 (S.D.N.Y. Dec. 17, 2015) (granting defendant's motion to dismiss for lack of subject matter jurisdiction); *Jordan-Rowell v. D'Agostino Supermarkets*, No. 1:15-CV-6294, 6 (S.D.N.Y. Dec.

## CONCLUSION

The Clerk of Court is directed to note service on the docket. Plaintiff has consented to receive electronic service. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-7683 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: September 23, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

9, 2015) (dismissing the amended complaint for failure to state a claim), *aff'd*, 16-113 (2d Cir. Apr. 27, 2016); *Jordan-Rowell v. Sovereign Bank*, No. 1:13-CV-3238, 8 (Oct. 3, 2013) (dismissing the action for lack of subject matter jurisdiction), *aff'd*, 13-4638 (2d Cir. June 5, 2014).